UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| WILLIAM D. BONEY, | Case No. 3:15-cv-00193-MMD-WGC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| GREGORY SMITH, et al., | |
| Respondents. | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

Petitioner has filed a motion to proceed *in forma pauperis*. (Dkt. no. 1.) Based on the information regarding petitioner's financial status, the Court finds that the motion to proceed *in forma pauperis* should be granted. The Court has reviewed the habeas petition, and it will be filed and served on respondents.

Petitioner has filed a motion for the appointment of counsel. (Dkt. no. 1-2.) Pursuant to 18 U.S.C. § 3006A(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation in a habeas corpus case. Petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). The petition on file in this action is well-written and

1  sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in
2  this case are not complex. Counsel is not justified in this instance. Petitioner's motion
3  for the appointment of counsel is denied.

4  It is therefore ordered that the application to proceed *in forma pauperis* (dkt. no.
5  1) is granted.

6  It is further ordered that the Clerk will file and electronically serve the petition
7  (dkt. no. 1-1) upon the respondents. The Clerk of Court will add attorney General Adam
8  Paul Laxalt to the CM/ECF docket sheet.

9  It is further ordered that respondents will have forty-five (45) days from entry of
10 this order within which to answer, or otherwise respond to, the petition. In their answer
11 or other response, respondents must address all claims presented in the petition.
12 Respondents must raise all potential affirmative defenses in the initial responsive
13 pleading, including lack of exhaustion and procedural default. Successive motions to
14 dismiss will not be entertained. If an answer is filed, respondents must comply with the
15 requirements of Rule 5 of the Rules Governing Proceedings in the United States District
16 Courts under 28 U.S.C. § 2254. If an answer is filed, petitioner will have forty-five (45)
17 days from the date of service of the answer to file a reply.

18 It is further ordered that any state court record exhibits filed by respondents must
19 be filed with a separate index of exhibits identifying the exhibits by number or letter. The
20 hard copy of all state court record exhibits must be forwarded, for this case, to the staff
21 attorneys in the Reno Division of the Clerk of Court.

22 It is further ordered that petitioner's motion for the appointment of counsel (dkt.
23 no. 1-2) is denied.

24 It is further ordered that, henceforth, petitioner must serve upon the Attorney
25 General of the State of Nevada a copy of every pleading, motion, or other document he
26 submits for consideration by the Court. Petitioner must include with the original paper
27 submitted for filing a certificate stating the date that a true and correct copy of the
28 document was mailed to the Attorney General. The Court may disregard any paper that

does not include a certificate of service. After respondents appear in this action, petitioner must make such service upon the particular Deputy Attorney General assigned to the case.

DATED THIS 22nd day of October 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE