UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WILLIAM D. BONEY,

Petitioner,

v.

GREGORY SMITH, et al.,

Respondents.

Case No. 3:15-cv-00193-MMD-WGC

ORDER

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (ECF No. 10.)

## I. PROCEDURAL HISTORY

In the Second Judicial District for the State of Nevada, petitioner was charged with multiple crimes in separate cases. Pursuant to a guilty plea, petitioner was convicted of robbery with the use of a firearm in Case No. CR09-1250B and one count of robbery with the use of a firearm in Case No. CR09-1378A. (Exhs. 40 & 42.)[1] In exchange for petitioner's guilty pleas, the State agreed to dismiss all other charges and not to file additional charges. (*Id.*) On April 9, 2010, petitioner was sentenced to consecutive sentences of 72 to 180 months in prison for robbery with the use of a firearm in Case No. CR09-1250B. On the same date, in Case No. CR09-1378A, petitioner was sentenced to consecutive sentences of 72 to 180 months in prison for robbery with the use of a firearm, consecutive to sentences in Case No. CR09-1250B. (Exhs. 43, 44, 45.)

[1]The Exhs. referenced in this order are found in the Court's record at ECF Nos. 11-15.

Petitioner appealed his convictions in Case Nos. CR09-1250B & CR09-1378A. (Exhs. 50 & 51.) As to both convictions, petitioner claimed that the state district court erroneously failed to grant his motion to suppress or motion to dismiss charges based on an alleged impermissibly suggestive photographic lineup. (Exhs. 62 & 63.) In identical orders filed September 29, 2010, the Nevada Supreme Court affirmed petitioner's convictions in both cases. (Exhs. 72 & 73.)

On July 7, 2011, petitioner filed post-conviction habeas petitions in the state district court in Case Nos. CR09-1250B and CR 09-1378A. (Exhs. 84 & 85.) Counsel was appointed, and petitioner's counsel filed a combined supplemental petition on January 29, 2012. (Exh. 105.) An evidentiary hearing on the petitions was held on January 21, 2014. (Exh. 125.) On March 27, 2014, the state district court entered identical written findings and orders denying the petitions. (Exhs. 128 & 129.)

Petitioner appealed the denial of his post-conviction habeas petitions. (Exhs. 133 & 134.) Petitioner argued that: (1) the state district court erred by concluding that he had failed to establish prejudice from counsel's coercive and inaccurate letter; (2) the state district court erred by applying the wrong analysis to petitioner's claims of ineffective assistance of appellate counsel; and (3) the state district court erred by concluding that the plea memoranda and plea canvass sufficiently complied with the statutory requirement that a plea memoranda contain a certificate of counsel. (Exh. 142.) On November 12, 2014, the Nevada Supreme Court affirmed the denial of petitioner's post-conviction habeas petitions. (Exh. 146.)

Petitioner dispatched his federal petition to this Court on March 31, 2015. (ECF No. 6 at 1.) This Court ordered respondents to file a response to the petition. (ECF No. 5.) Respondents filed the instant motion to dismiss on January 1, 2016. (ECF No. 10.) Petitioner has filed a response to the motion. (ECF No. 18.) Respondents filed a reply in support of the motion to dismiss. (ECF No. 19.)

///

///

## II. DISCUSSION

### A. Ground 1(k) is Not a Cognizable Federal Habeas Claim

In Ground 1(k) of the petition, petitioner claims that the attorney appointed to represent him during his post-conviction habeas petition in state court rendered ineffective assistance of counsel. (Petition at 45-47.)[2] Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, a federal habeas petition must specify all grounds for relief and "state the facts supporting each ground." Rule 2(c) requires specific pleading of facts that, if proven to be true, would entitle the petitioner to federal habeas relief. Petitioner has no right to counsel or to the effective assistance of counsel during post-conviction proceedings. 28 U.S.C. § 2254(i); *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993); *Martinez v. Ryan*, 132 S.Ct. 1309, 1319 (2012) (United States Supreme Court expressly eschewed making a holding that a freestanding right to counsel existed in state post-conviction proceedings). Ground 1(k) is dismissed with prejudice because it is not a cognizable federal habeas claim.

### B. Unexhausted Grounds

#### 1. Exhaustion in General

Respondents contend that Grounds 1(a)-(f) of the federal petition are unexhausted. Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case, the Nevada Supreme Court. *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the

---

[2]The federal petition is a total of 58 pages on the CM/ECF Docket. (ECF No. 6.) The petition consists of the federal habeas form and an attachment consisting of 48 pages in which petitioner sets forth his grounds for relief, 1(a) through 1(k). When citing petitioner's grounds for relief in their papers, the parties refer to the pages of the attachment as the "petition," rather than the CM/ECF pagination format. To avoid confusion, the Court uses the same pagination as the parties when citing the petition.

petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). Fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *See, e.g. Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

**2. Ground 1(a)**

Petitioner claims that counsel was ineffective because counsel did not seek severance of his criminal case from that of co-defendant Carroll's. Petitioner alleges that the State successfully moved for joinder of the two cases. Petitioner claims that a joint trial with Carroll would have been prejudicial to him because the two defendants had conflicting defenses of cross-race identification. Petitioner argues that, if the cases had been severed, he would not have felt compelled to enter a guilty plea. (Petition at 15-20.) Petitioner included this claim in his supplemental post-conviction habeas petition filed in state district court. (Exh. 105 at 6-8.) However, petitioner did not present this claim to the Nevada Supreme Court. A comparison of the claims presented in the federal petition to the claims presented in petitioner's appeal from the denial of his post-conviction state habeas petition (contained in the Fast Track Statement filed June 12, 2014) indicates that petitioner did not raise the claim in Ground 1(a) to the Nevada Supreme Court. (Exh. 142.) Ground 1(a) is unexhausted.

**3. Ground 1(b)**

Petitioner claims that his counsel was ineffective, at sentencing, for not objecting to the state district court's failure to make findings on the record concerning the firearm enhancements. Petitioner faults the trial court for not stating on the record that it had considered the factors required by NRS § 193.165(1) when imposing a firearm enhancement. Petitioner asserts that, if counsel had timely objected, the issue could have

been raised on appeal subject to a standard higher than that of plain error. (Petition at 21-24.) Petitioner included this issue in his supplemental post-conviction habeas petition filed in the state district court. (Exh. 105 at 8-9.) However, petitioner did not raise this claim to the Nevada Supreme Court. (Exh. 142.) Ground 1(b) is unexhausted.

**4. Ground 1(c)**

Petitioner claims that his appellate counsel was ineffective by raising an issue on direct appeal but failing to preserve it for appellate review. On direct appeal, petitioner's counsel raised one issue—that the state district court erroneously failed to grant his motion to suppress or motion to dismiss charges based on an alleged impermissibly suggestive photographic lineup. (Exhs. 62 & 63.) Petitioner claims that his counsel was ineffective for failing to preserve the suppression issue for appeal, resulting in the Nevada Supreme Court's refusal to address the issue. (Petition at 24-26.) Petitioner raised this issue in his supplemental post-conviction habeas petition. (Exh. 105 at 9-10.) Petitioner did not raise this claim to the Nevada Supreme Court on appeal from the denial of his post-conviction state habeas petition. (Exh. 142.) Ground 1(c) is unexhausted.

**5. Ground 1(d)**

Petitioner claims that his appellate counsel was ineffective because on direct appeal, she failed to raise issues pertaining to sentencing and failed to raise the issue regarding that state district court's failure to put findings on the record concerning the firearm enhancement. (Petition at 26-27.) Petitioner included this argument in his supplemental post-conviction habeas petition filed in state district court. (Exh. 105 at 10-11.) A review of the claims presented in petitioner's appeal from the denial of his post-conviction state habeas petition indicates that petitioner did not raise the claim in Ground 1(d) to the Nevada Supreme Court. (Exh. 142.) Ground 1(d) is unexhausted.

**6. Ground 1(e)**

Petitioner claims the sentences imposed are disproportionate to those imposed for other crimes in this jurisdiction, to those imposed for the crime committed in his case, and to those imposed on his co-defendants. (Petition at 27-31.) A review of the claims

presented in petitioner's direct appeal (contained in the Fast Track Statement filed June 21, 2010) indicates that petitioner did not raise the claim in Ground 1(e) to the Nevada Supreme Court. (Exhs. 62 & 63.) Ground 1(e) is unexhausted.

**7. Ground 1(f)**

Petitioner claims that his appellate counsel failed to argue that the sentences imposed constitute cruel and unusual punishment. (Petition at 32-33.) Petitioner included this claim in his supplemental post-conviction habeas petition filed in state district court. (Exh. 105 at 13-14.) A review of the claims presented in petitioner's appeal from the denial of his post-conviction state habeas petition indicates that petitioner did not raise the claim in Ground 1(f) to the Nevada Supreme Court. (Exh. 142.) Ground 1(f) is unexhausted.

**8. Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds that Grounds 1(a), 1(b), 1(c), 1(d), 1(e) and 1(f) of the federal petition are unexhausted, but Grounds 1(g), 1(h), 1(i), and 1(j) appear to be exhausted. Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claim;
2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
3. He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

///

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## III. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (ECF No. 10) is granted, as follows:

1. Ground 1(k) is dismissed with prejudice because it fails to state a cognizable federal habeas corpus claim.
2. Grounds 1(a), 1(b), 1(c), 1(d), 1(e), and 1(f) are unexhausted.

It is further ordered that petitioner will have thirty (30) days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if petitioner elects to abandon his unexhausted grounds, respondents will have thirty (30) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds

of the petition, and must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner will have thirty (30) days following service of respondents' answer in which to file a reply.

It is further ordered that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED THIS 21st day of February 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE