UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM BONEY,<br><br>　　　　　　　　　Petitioner,<br>　　v.<br>GREGORY SMITH, et al.,<br><br>　　　　　　　　　Respondents. | Case No. 3:15-cv-00193-MMD-WGC<br><br>ORDER |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court on petitioner's motion for stay and abeyance (ECF No. 24). Respondents have opposed (ECF No. 25). Petitioner has not filed a reply, and the time for doing so has expired.

On February 21, 2017, the Court determined that this is a mixed petition containing both exhausted and unexhausted claims. As the Court cannot proceed on a mixed petition, it directed petitioner to select one of three options: (1) submit a sworn declaration voluntarily abandoning the unexhausted claims so as to proceed on only the exhausted claims; (2) return to state court to exhaust the unexhausted claims, in which case the petition would be denied without prejudice; or (3) file a motion to stay and abey the exhausted claims so petitioner could return to state court to exhaust his unexhausted claims.

On April 27, 2017, petitioner filed a motion for stay and abeyance.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). This Court has declined to prescribe the strictest possible standard for issuance of a stay. "[I]t would appear that good cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). Thus, a petitioner's confusion over whether or not his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *See id.* at 1210 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005)).

Petitioner makes no effort in his motion to establish good cause for the failure to exhaust all his claims. The Court notes that petitioner was represented by counsel in his state postconviction proceedings and that he has not, in either his motion or his opposition to the motion to dismiss, asserted that postconviction counsel was ineffective for failing

to argue the unexhausted claims on appeal to the Nevada Supreme Court — much less provided a "concrete and reasonable excuse, supported by evidence." *See Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014). Accordingly, as petitioner has failed to establish good cause, the motion for stay and abeyance must be denied.

It is therefore ordered that the petitioner's motion for stay and abeyance (ECF NO. 24) is hereby denied.

It is further ordered that petitioner will have thirty (30) days from the date of this order within which to submit a sworn declaration advising the Court either (1) that he is voluntarily abandoning his unexhausted claims and will proceed on the exhausted claims only or (2) that he will return to state court to exhaust his unexhausted claims, in which case this federal habeas petition will be denied without prejudice. If petitioner does not file an appropriate notice with the Court by this date, this action will be dismissed without prejudice and without further notice.

DATED THIS 15th day of December 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE